10-26913-MER

**B1 (Official Form 1) (4/10)**

|  | Voluntary Petition |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Harvest Sharing, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**D/B/A Food Share America** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**84-1530261** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**20094 Highway 50 East**<br>**Rocky Ford, CO 81067**<br>ZIP CODE **81067** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Otero County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**901 W. Ninth St. Pueblo, CO**<br>ZIP CODE **81003** | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>**Non-Profit Food Coopative**<br>**Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☑ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☐ Chapter 7   ☐ Chapter 15 Petition for<br>☐ Chapter 9      Recognition of a Foreign<br>☑ Chapter 11    Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>              Nonmain Proceeding<br><br>**Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☑ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐<br>1-49 | ☐<br>50-99 | ☑<br>100-199 | ☐<br>200-999 | ☐<br>1,000-5,000 | ☐<br>5,001-10,000 | ☐<br>10,001-25,000 | ☐<br>25,001-50,000 | ☐<br>50,001-100,000 | ☐<br>Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐<br>$0 to $50,000 | ☐<br>$50,001 to $100,000 | ☐<br>$100,001 to $500,000 | ☑<br>$500,001 to $1 million | ☐<br>$1,000,001 to $10 million | ☐<br>$10,000,001 to $50 million | ☐<br>$50,000,001 to $100 million | ☐<br>$100,000,001 to $500 million | ☐<br>$500,000,001 to $1 billion | ☐<br>More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐<br>$0 to $50,000 | ☐<br>$50,001 to $100,000 | ☐<br>$100,001 to $500,000 | ☐<br>$500,001 to $1 million | ☑<br>$1,000,001 to $10 million | ☐<br>$10,000,001 to $50 million | ☐<br>$50,000,001 to $100 million | ☐<br>$100,000,001 to $500 million | ☐<br>$500,000,001 to $1 billion | ☐<br>More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (4/10)                                                                                                          **Page 2**

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |  |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

   ☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

   ☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B1 (Official Form) 1 (4/10) | Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>_____<br>    Telephone Number (if not represented by attorney)<br><br>_____<br>    Date | X _____<br>    (Signature of Foreign Representative)<br><br>_____<br>    (Printed Name of Foreign Representative)<br><br>_____<br>    Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X _____<br>    Signature of Attorney for Debtor(s)<br><br>    Printed Name of Attorney for Debtor(s)<br><br>    Firm Name<br><br>    Address<br><br>_____<br><br>    Telephone Number<br><br>    Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that:  (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>Address<br><br>_____<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Authorized Individual<br>    William R. McKnight,<br>    Printed Name of Authorized Individual<br>    President<br>    Title of Authorized Individual<br>    6-6-2010<br>    Date<br>    Phone   719-545-0122 | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.* |

# 10-26913-MER

## BYLAWS OF
## HARVEST SHARING, INC.

### Formation

Harvest Sharing is to conduct business as a Not For Profit Corporation and registered with the Secretary of State of the State of Colorado.

Harvest Sharing is organized exclusively for charitable purposes within the meaning of section 501(c)(3) of the Internal Revenue Code.

### Name

The name of the Corporation shall be HARVEST SHARING, INC., and all business of the Corporation shall be conducted under said name.

### Purpose

The purpose of the Corporation is to educate and facilitate the intended purpose of "The Bill Emerson Good Samaritan Food Donation Act".

### Place of Business and Registered Agent

The principal place of business and specified office of the Corporation at which the records required to be maintained by the Corporation under the Colorado Revised Statutes Annotated Sections 7-80-1W1 to 7-80-811 are to be kept shall be at 9 Verdosa Drive, Pueblo, Colorado 81005, or at such other or additional places of business within or outside of the State of Colorado as the Executive Director from time to time may designate. The Executive Director shall notify the other Members of the Board of Directors of any change of the principal place of business and specified office.

The Corporation hereby designates William McKnight, whose post office address is 303 W. 17th Street, Pueblo, Colorado, as the Registered Agent of the Corporation for service of process.

The registered office and Registered Agent may be changed from time to time by the Board of Directors by filing the prescribed forms with the appropriate governmental authorities.

### Books, Records and Information Returns

At all times during the continuance of the Corporation, the Managers shall keep or cause to be kept complete and accurate records and books of accounts in which shall be entered each transaction of the Corporation in accordance with generally accepted accounting principles.

The Corporation shall furnish to each Member of the Board of Directors, within fifteen days after the end of each calendar month, an unaudited balance sheet as of the end of each month.

The Corporation shall furnish to each Member of the Board of Directors, within forty-five days after the end of each fiscal year, an annual report of the Corporation which shall include a balance of all accounts as of the end of such fiscal year.

The Corporation shall prepare or cause to be prepared all Federal, State and local information returns for the Corporation.

All such records, books of account, information returns, and reports and statements, together with executed copies of this Agreement, shall at all times be maintained at the principal place of business of the Corporation, and shall be open to the inspection and examination of the Members of the Board of Directors or their duly authorized representatives during regular business hours. Each Member of the Board of Directors and his duly authorized representatives may make copies of the Corporation's books of account and records at his own expense. Any Member of the Board of Directors, at his own expense, may conduct an audit of the Corporation's books of account and records.

The Corporation shall furnish to each Member of the Board of Directors, promptly upon request, a current list of the names and addresses all of the Managers and Members of the Board of Directors of the Corporation, and any other persons or entities having any interest in the Corporation.

The cost of preparing all of the aforesaid records, books, returns and other items shall be borne by the Corporation.

## Bank Accounts

All funds of the Corporation shall be deposited in the Corporation's name in such bank account or accounts as shall be designated by the Manager. Withdrawals from any such bank accounts shall be made only in the regular course of business of the Corporation and shall be made upon such signature or signatures as the Manager from time to time may designate.

## Management of the Corporation

The Member of the Board of Directors hereby designates William R. McKnight to serve as Manager for the Corporation and have the titles of President, CEO, and Executive Director. This Manager shall serve as Manager for so long as he is also a Member of the Board of Directors of the Corporation.

At such time as successor managers become necessary they shall be elected, and can be discharged (without cause), as Managers by the affirmative vote or consent of a majority of the Board of Directors. The successor managers need not be a Member of the Board of Directors of the Corporation.

The business and affairs of the Corporation shall be conducted and managed by the Managers of the Corporation in accordance with this Agreement and the laws of Colorado.

The number of Managers may be changed from time to time by the affirmative vote or consent of majority of the Members of the Board.

The Managers shall have responsibility for the day-today management of the business and affairs of the Corporation and shall devote such time and attention as the Managers deem necessary to the conduct and management of the business and affairs of the Corporation.

The President, CEO and Executive Director hereby is given sole power and authority to execute instruments on behalf of the Corporation and to otherwise bind the Corporation. No other person shall have the power or authority to execute instruments on behalf of the Corporation and to otherwise bind the Corporation.

No Member of the Board of Directors shall take any action as a Member of the Board of Directors to bind the Corporation. Each Member of the Board of Directors shall indemnify the Corporation from and against any cost or expense incurred by the Corporation as a result of any unauthorized action by such Member of the Board of Directors.

Except as provided elsewhere in this Agreement, or by nonwaivable provisions of applicable law, the Managers shall possess and enjoy all rights and powers necessary or appropriate for the conduct and management of the business and affairs of the Corporation and hereby are authorized to make all decisions relating to the business and affairs of the Corporation. The Managers may make decisions relating to: the purchase, sale, exchange, lease, transfer, encumbrance or other acquisition or disposition of any property, for cash, other property, or on terms; the borrowing of money and the obtaining of loans, secured and unsecured, for the Corporation and in connection therewith the issuance of notes, debentures and other debt securities and the securing of the same by assigning for security purposes, pledging or hypothecating all or part of assets of the Corporation; the expenditure of the capital and receipts of the Corporation in furtherance of the business of the Corporation the purchase of equipment, supplies and services as the Managers deem appropriate; the lending or advancing of money to third parties in connection with the business of the Corporation the investment of funds of the Corporation in interest-bearing bank deposits, governmental obligations, institutional and insured short-term debt securities and short-term commercial paper, pending disbursement of the Corporation's funds or to provide a source from which to meet contingencies; the purchase of hazard, liability and other insurance that the Managers may deem necessary or proper the employment of attorneys, accountants, brokers, consultants and other persons, firms and Corporations to render services to the Corporation as the Managers may deem necessary or proper; the enforcement, compromise and settlement of any rights or claims in favor of or against the Corporation or any nominee of the Corporation; and the taking of all other actions and the execution and delivery of any and all other instruments and agreements as the Managers may deem appropriate to carry out the intents and purposes of this Agreement.

The Managers may employ on behalf of the Corporation, on such terms and for such compensation as the Managers may determine, any persons, firms or Corporations, including accountants and attorneys, as the Managers, in their sole judgment shall deem desirable for the business and affairs of the Corporation. Any such person, firm or Corporation may also be employed by the Managers in connection with any other business of the Managers.

The Managers shall receive, as compensation for the services of the Managers to the Corporation, such sums as may be determined from time to time by the affirmative vote or consent of a majority of the Members of the Board of Directors.

A Manager's duty to perform his duties in good faith shall be deemed to be satisfied unless such performance constitutes gross negligence, fraud, intentional misconduct or a knowing violation of the law. In discharging the duties of a Manager, the Managers shall be fully protected in relying in good faith upon the records of the Corporation and upon such information, opinions, reports or statements by other Managers, Members of the Board of Directors, agents or other persons as to matters the Manager reasonably believes are within such person's professional or expert competence, including without limitation information, opinions, reports or statements as to the value or amount of the assets, liabilities of the Corporation or any other facts pertinent to the existence and amount of assets from which distributions to Member of the Board of Directors might properly be paid. The Managers shall also be entitled to rely on information, opinions, reports or statements of those persons or groups set forth in Section 7-8-406(2) of the Colorado Revised Statutes.

To the extent of the Corporation's assets, and to the extent permitted by law, the Corporation shall indemnify and hold each Manager harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred by the Manager by reason of any act or omission of the Manager made in good faith on behalf of the Corporation.

Any Manager may resign at any time by giving written notice to the Members of the Board of Directors of the Corporation and such resignation shall take effect upon receipt of such notice or at such later time as may be specified in such notice. The acceptance of such resignation shall not be necessary to make it effective,

Except as expressly provided elsewhere in this Agreement, any decisions that are to be made by the Board of Directors, rather than the Managers, shall be made by the affirmative vote or consent of a majority of the Members of the Board of Directors.

## Meetings of Member of the Board of Directors

The annual meeting of the Members of the Board of Directors shall be held on the first Tuesday in the month of March at 10:00 A.M., at the principal office of the Corporation or any other site that the Board elects, for the purpose of reviewing the business and financial status of the Corporation and transacting such other business as may come before the meeting. If the day fixed for the annual meeting shall be a legal holiday, such meeting shall be held on the next succeeding business day.

The Members of the Board of Directors may by resolution prescribe the time and place for the holding of regular meetings and may provide that the adoption of such resolution shall constitute notice of such regular meetings.

Special meetings of the Members of the Board of Directors, for any purpose or purposes, may be called by any two Member of the Board of Directors (or such other number of Members of the Board of Directors as the Members of the Board of Directors from time to time may specify).

Written or telephonic notice stating the place, day and hour of the meeting and, in the case of a special meeting, the purpose for which the meeting is called, shall be delivered

not less than three days before the date of the meeting, either personally or by mail, to each Member of the Board of Directors of record. When all the Members of the Board of Directors of the Corporation are present at any meeting, or if those not present sign a written waiver of notice of such meeting, or subsequently ratify all the proceedings thereof, the transactions of such meeting shall be valid as if a meeting had been formally called and notice had been given.

At any meeting of the Members of the Board of Directors, the presence of a majority of the Members of the Board of Directors represented in person or by a quorum for the conduct of the general business of the Corporation. If a quorum is not present, the meeting may be adjourned from time to time without further notice, and if a quorum is present at the adjourned meeting any business may be transacted which might have been transacted at the meeting as originally notified. The Members of the Board of Directors present at a duly organized meeting may continue to transact business until adjournment, notwithstanding the withdrawal of enough Member of the Board of Directors to leave less than a quorum.

At all meetings of the Members of the Board of Directors, a Member of the Board of Directors may vote by proxy executed in writing by the Member of the Board of Directors or by a duly authorized attorney-in-fact of the Member of the Board of Directors. Such proxy shall be filed with the Corporation before or at the time of the meeting. No proxy shall be valid after three months from the date of execution, unless otherwise provided in the proxy.

A Member of the Board of Directors of the Corporation who is present at a meeting of the Board of Directors at which action on any matter is taken shall be presumed to have assented to the action taken, unless the dissent of such Member of the Board of Directors shall be entered in the minutes of the meeting or unless such Member of the Board of Directors shall file a written dissent to such action with the person acting as the secretary of the meeting before the adjournment thereof or shall forward such dissent by certified mail to the Corporation within fifteen days after the adjournment of meeting. Such right to dissent shall not apply to a Member of the Board of Directors who voted in favor of such action.

Unless otherwise provided by law, any action required to be taken at a meeting of the Member of the Board of Directors, or any other action which may be taken at a meeting of the Member of the Board of Directors, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of the Members of the Board of Directors.

Members of the Board of Directors of the Corporation may participate in any meeting of the Board of Directors by means of conference telephone or similar communication if all persons participating in such meeting can hear one another for the entire discussion of the matters to be voted upon. Participation in a meeting pursuant to this paragraph shall constitute presence in person at such meeting.

## Amendments

These Bylaws may not be altered, amended, changed, supplemented, waived or modified in any respect or particular unless the same shall be in writing and agreed to by the affirmative vote or consent of a majority of the Members of the Board of Directors.

## Miscellaneous

These Bylaws and the rights and liabilities of the parties shall be governed by and determined in accordance with the laws of the State of Colorado. Every provision of these Bylaws is intended to be severable. If any provision of these Bylaws shall be invalid or unenforceable, such invalidity or unenforceability shall not affect the other provisions of these Bylaws, which shall remain in full force and effect.

The captions in these Bylaws are for convenience only and are not to be considered in construing the Bylaws. All pronouns shall be deemed to the masculine, feminine, neuter, singular or plural as the identity of the person or persons may require. References to a person or persons shall include partnerships, corporations, limited liability companies, unincorporated associations, trusts, estates and other types of entities. References to the Internal Revenue Code shall mean the Internal Revenue Code of 1986, as amended, and any successor or superseding Federal revenue statute.

These Bylaws, and any amendments hereto may be executed in counterparts all of which taken together shall constitute one Bylaw document.

These Bylaws sets forth the entire Bylaw document with respect to the subject matter hereof. It is the intention of the Members of the Board of Directors that these Bylaws shall be the sole source of understanding and agreement of the Board of Directors,

No provision of these Bylaws is intended to be for the benefit of or enforceable by any third party.

IN WITNESS WHEREOF, the parties hereto have executed and accepted these Bylaws on this __13__ Day of __June__ in the year of __2000__ .


William R. McKnight
Address:                                                    Address:



Address:                                                    Address:



Address: _                                                  Address:

Form B2
6/90

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the president of the corporation                named as debtor in this case,

declare under penalty of perjury that I have read the foregoing  list

and that it is true and correct to the best of my information and belief.


Date            6-6-2010


Signature _____

William R. McKnight, President

(Print Name and Title)

**Please include a typed self-addressed envelope**

**MUST BE TYPED
FILING FEE: $50.00
MUST SUBMIT TWO COPIES**

Mail to: Secretary of State
**Corporations Section**
1560 Broadway, Suite 200
**Denver, CO 80202**
(303) 894-2251
Fax (303) 894-2242

For office use only        001

FILED
DONETTA DAVIDSON
COLORADO SECRETARY OF STATE

19991200448   C
$5.00
SECRETARY OF STATE
10-26-1999   12:02:06

## ARTICLES OF INCORPORATION

Corporation Name____Harvest Sharing, Inc.____

Principal Business Address____P.O. Box 4085   Pueblo, CO 81003____
(Include City, State, Zip)

Cumulative voting shares of stock is authorized.  Yes ☐   No ☒ x

If duration is less than perpetual enter number of years _____

Preemptive rights are granted to shareholders.     Yes ☐        No ☒

**Stock information:** (If additional space is needed, continue on a separate sheet of paper.)

Stock Class____Common____Authorized Shares____1000____Par Value____1.00____

Stock Class_____Authorized Shares_____Par Value_____

The name of the initial registered agent and the address of the registered office is:(If another corporation, use last name space)

Last Name____McKnight____First & Middle Name____Diane____

Street Address____9 Verdosa   Pueblo, CO 81005____
(Include City, State, Zip)
**The undersigned consents to the appointment as the initial registered agent.**

Signature of Registered Agent____Diane McKnight____

These articles are to have a delayed effective date of: _____.

**Incorporators:** Names and addresses: (If more than two, continue on a separate sheet of paper.

| NAME | ADDRESS |
|---|---|
| Diane McKnight | 9 Verdosa Drive, Pueblo CO 81005 |
| William McKnight | 9 Verdosa Dr, Pueblo CO 81005 |

Incorporators who are natural persons must be 18 years or more.  The undersigned, acting as incorporator(s) of a corporation under the Colorado Business Corporation Act, adopt the above Articles of Incorporation.

Signature____Diane McKnight____   Signature____McKnight (dm)____

Revised 7/95        BJS



## CERTIFICATE OF CONVERSION

*DPC 1999 / 200448.*

Pursuant to the provisions of the Colorado Corporations and Associations Act (the "Act", the undersigned corporation, having approved the complied with the terms and condtions of conversion in accordance with Section 7-90-201 of the Act to convert the undersigned corporation to a Not For Profit Corporation, does adopt and file this Certificate of Conversion with the Secretary of State of the State of Colorado.

FIRST: The name, address, form of entity, and state of organization of converting entity are:

Harvest Sharing, Inc. *rucyo*
9 Verdosa Drive
Pueblo, CO 81003
A corporation organized and existing under
the laws of the State of Colorado.

20001117272  M
$   75.00
SECRETARY OF STATE
06-13-2000  10:24:52

SECOND: The name, address, form of entity, and state of organization of the resulting entity are:

Harvest Sharing, Inc.
602 W. 6th Street
Pueblo, CO 81003
A Not For Profit corporation organized and existing under
the laws of the State of Colorado.

THIRD: The number of votes cast by the shareholders of the converting entity for conversions was one thousand (1,000) and the number of votes cast against the conversion was none (0), which was a unanimous vote of the outstanding stock of the converting corporation for conversion.

DATED: June 12, 20000

Harvest Sharing, Inc.

By: _____
William McKnight - President & CEO

Form B2
6/90

# DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I,  the president of the corporation                      named as debtor in this case,
declare under penalty of perjury that I have read the foregoing  list
and that it is true and correct to the best of my information and belief.

Date _____ 6-6-2010 _____

Signature _____

William R. McKnight, President
_____
(Print Name and Title)

# UNITED STATES BANKRUPTCY COURT

## District of Colorado

IN RE

CASE NO. 10-26913 MER

DEBTOR(S)          CHAPTER_____

## VERIFICATION OF CREDITOR MATRIX

 The above named Debtor(s) hereby verifies that the attached matrix list of creditors is true and correct to the best of our knowledge.

Date: _6-6-2010_____

_Harvest Sharing Inc._
                                           Debtor

_____
                                           Joint Debtor

A+ QBooks Consulting
Acct #
PO Box 89444
Tucson, AZ  85752


Airnet Inc.
720 N. Main St.  Suite 110
Pueblo, CO 81003


Alpine Foods Inc.
14031 Burnhaven Drive #100
Burnsville, MN 55337


American Produce
5151 Bannock St
Denver  CO  80216


Appleton Produce Co
 C/O Williams, Babbit & Weisman
Acct # 1191000-10199
5255 North Federal Highway, Third
Floor
Boca Raton, FL  33487


AT&T
PO Box 5001
Carol Stream, IL  60197-5001


Black Hills Energy
Acct #55557699 50
PO Box 4660
Carol Stream IL  60197-4660

Bron Tapes of Colo
Acct #HAR625
875 W Ellsworth Ave
Denver CO  80223

Budget Truck Rental
Acct # 56000006795
PO Box 2396
Carol Stream, IL 60132-2396

C & C Pallet Remanufacturing, Inc
PO Box 1254
Commerce City CO  80022

C.H. Robinson
C2110146
P.O. Box 9121
Minneapolis, MN 55480-9121

Canyon State Oil Co, Inc
Acct # 40703
PO Box 31001-1224
Pasadena, CA 91110-1224

Care & Share, Inc
Acct # HARVEST
2520 Aviation Way, Suite 130
Colorado Springs, CO  80916

Catholic Charities
Attn: Chuck Sullivan
4045 Pecos St
Denver CO  80211-2552

Cooperative Food Sales, Inc
91 Smoky Row Road
Staunton, Va  24401


Cintas Corportion #66
Acct #066-10241
PO Box 390365
Denver CO  80239-1365


CIS #116
Acct # Csharecolor001
PO Box 1575
Minneapolis, MN 55480-1575


City of Federal Heights
Acct # 1731
2380 W. 90th Avenue
Federal Heights, CO 80260


State of Colorado
Department of Revenue
Acct # 15-69340-000
Denver CO  80261-0009


CO Department of Labor &
Employment
Unemployment Operations
Acct #718308-00-7-000
PO Box 956
Denver CO  80201-0956

Colorado Blue Ribbbon Foods
PO Box 1417
Rocky Ford  CO 81067


Colorado Casualty Insurance
Acct # CBP8624394 & CU8624794
PO Box 85834
San Diego, CO  92186-5834


Colorado Container Corp.
4221 Monaco St
Denver CO  80216


Colorado Tortilla Co., Inc
5672 E 58th Ave
Commerce City CO  80022


Comcast Cable
Acct #8497800841477041
PO Box 34744
Seattle WA  98124-1744


Comfort Inn
8500 Turnpike Dr
Westminster CO  80030


Computer Help
4034 Valley Dr
Pueblo  CO  81008

Dakota Express Transportation
PO Box 3453
Rapid City, SD 57709


Deep Rock Water Co.
Acct #132813
Dept 2146
Denver, CO 80217-2146


Denver Newspaper Agency
Acct #062396320
PO Box 17930
Denver CO  80217-0930


Earloyd G. Fadenrecht
6740 US Hwy 36
Joes, CO 80822


Echo Global Logistics Inc
Accounts Receivable
22168 Network Place
Chicago, IL  60673-1221


Empire Warehouse, Inc.
3901 Weld County Road 18
Eric, CO 80516


Engel Law, P.A.
800 SW Jackson Suite 1000
Topeka KS  66612

Facto Express
5460 Ward Rd Suite #125
Arvada, CO  80002


Federal Fruit & Produce
Acct # 0001835
1890 E 58th Ave
Denver CO  80216


FedEx
Acct # 1843-90952-7
PO Box 94515
Palatine, IL  60094-4515


Fire & Safety of Denver, Inc.
2255 Stout
Denver, CO 80205


Five Star Disposal
Acct #3617
1326 S LaCrosse Ave
Pueblo, CO  81001


Food Bank of the Rockies
10700 E 45th Ave
Denver CO  80239

Frontier Business Products
700 W 48th Ave, Unit A
Denver, CO  80216


Global Foods, Inc.
5435 South Durango Dr
Las Vegas  NV  89113

Gold Star Sausage Co
2800 Walnut St
Denver  CO   80205


Golden Cuisine
PO Box 208
Pendergrass, GA  30567


Good Source Solutions
1525 Fraday Avenue
Suite 200
Carlsbad, CA 92008


Guardian Foods
Kathryn Leeke
PO Box 19117
San Diego CA  92159-0117


Harvest Meat Co.
1301 Argentine Blvd
Kansas City, KS  66105


Heartland Ingredients
508 East Cherry Street
Troy, MO 63379


Integra Telecom
Acct # 005044801
990 S. Broadway Ste 100
Denver, CO 80209

JaniKing Of Colorado, Inc.
Acct # 396005
9000 E. Chenango Ave.  Ste 103
Greenwood Village, CO 80111


Keystone Equipment Finance Corp
James Green
433 New Park Ave
West Hartford, CT  06110-1141


LA Foods
7301 Topanga Canyon Rd. Suite 200
Canoga Park, CA 91303-1270


Labor Pros
PO Box 7768
Leawood, KS  66207-7768


Labor Ready
PO Box 31001-0257
Pasadena, CA  91110-0257


Labor Ready Central Inc
PO Box 31001-0257
Pasadena, CA  91110-0257


Labor Systems Temporary Service
PO Box 18370
Denver CO  80218-0370

Leasing Services
Hartland Business Credit
Department 202
Denver, CO 80291-0202


Let's Help, Inc
PO Box 2492
Topeka KS  66601-2492


Magnum Transportation Services
593 Wisp Creek Drive
Bailey, CO 80421


Mattese Auto Repair, Inc.
13116 Tesson Ferry Road
St Louis  MO   63128


Montana-Dakota Utilities CO
Acct # 300805
PO Box 5600
Bismark, ND 58506-5600


Mrs. Condies Salad Company Inc.
3225 Denargo Street
Denver, CO 80216


Navajo Express, Inc
Dept 2074
Denver CO  80291

New Method Marketing
14 Inverness Dr East Bldg. C-108
Englewood CO  80112


NPC Corporation
PO Box 678637
Dallas, TX  75267-8637


NPG Newspapers
PO Box 29
St Joseph, MO  64502


Old Dominion Freight Line, Inc
Attn:  Teresa Southern
500 Old Dominion Way
Thomasville,  NC  27360


Prestige Pest Management
11811 Fairplay St
Federal Heights  CO  80603


Professional Transportation Brokers
2005 E 20th Ave
Denver, CO  80205


Roadrunner Pallet Service
6892 Oak Way
Arvada, CO  80004-2767


Rocky Mtn Recycling
2950 West 900 South
Salt Lake City, UT  84104

Santa Fe Warehouse, Frank Glenn
 & James Croshal
201 W 8th St
Pueblo CO  81003


Selectrronics, Inc
14 Inverness Dr East
Building A Suite 144
Englewood CO  80112


Shamrock Foods
Acct # 0071016
Dept 219
Denver CO  80291-0219


Share American Management Services
901 W 9th St
Pueblo Co  81003


Silver States Meats
5140 Race Court Ste. #1
Denver, CO  80216


Source Gas
Acct # 1522812
PO box 660474
Dallas TX  75266-0474


South Dakota
Department of Revenue & Regulation
Business Tax Division
Acct #1022-1167-ST
PO Box 5055
Sioux Falls, SD  57117-5055

Sprint
Acct #926362241
PO Box 219100
Kansas City MO  64121-9100


TNT Signs Inc
559 Airport Blvd.  Bldg C
Aurora, CO  80011


Topeka Water
PO Box 3566
Topeka, KS  66601-3566


Transport Equipment
5040 Brighton Blvd
Denver, CO 80216


Utility Trailer Interstate
Rental & Leasing
9200 Brighton Rd
Henderson, CO  80640


Valley Publishing
Acct # 3345
PO Box 607
Monte Vista, CO  81144-0607


Waste Management
PO Box 78251
Phoenix,  AZ  85062-8251

WAY-FM/KRWA
PO Box64500
Colorado Springs, CO  80962


Western Meat, Inc.
537 East 56th Avenue
Denver  CO   80216


Xcel Energy
Public Service Company of Colorado
Acct #53-8827013-5
PO Box 840
Denver, CO 80201


Missouri Dept of Labor
Division of Employment Security
Acct # 604071-0-415-0000
PO Box 888
Jefferson City MO  65102-0888


Kansas Dept of Labor
401 SW Topeka Blvd
Topeka KS  66603


United States Treasury
Acct # 26-25863585
PO Box 105083
Atlanta GA  30348-5083


United States Treasury
Acct # 26-25863585
PO Box 105078
Atlanta GA  30348-5078

Board of Water Works-Pueblo
Acct # 79851118948
PO Box 755
Pueblo, CO  81002-0755